## LANDAU et al. v. WOLVERINE HOTEL CO.

### No. 1206.

District Court, N. D. Illinois, E. D.

May 23, 1940.

Abraham Brussell, of Chicago, Ill., for plaintiffs.

Defrees, Buckingham, Jones & Hoffman and Ernest F. Staub, all of Chicago, Ill., for defendant.

WILKERSON, District Judge.

█ The commission contract set out in the complaint provides as follows: "It has been understood from the outset that in this particular instance the commission is not to be deemed to have been earned or no part thereof is to accrue, or become payable, unless and until the lease is executed by both parties and is duly ratified and approved by the Directors and Shareholders of the Wolverine Hotel Company, pursuant to the applicable provision of the Michigan Corporation Law."

The complaint avers: "6. The terms of the lease have been arranged between the parties thereto and have been approved and ratified by a majority of the directors and stockholders of the defendant, and John Mack or his assignee are ready, willing and able to carry out the terms of said lease, wherefore there is nothing re-

maining for the plaintiffs to do in carrying out their undertaking therein."

Plaintiffs in their pleading have failed to aver that the conditions upon which the commission was to be paid have been complied with.

█ An attempt has been made (apparently under the new rules, 28 U.S.C.A. following section 723c) to supply the deficiencies of the complaint by an affidavit. The rules, even construed most liberally, do not permit such looseness of procedure.

On the facts averred in the complaint the plaintiffs are not entitled to judgment.

The motion to dismiss is sustained. Plaintiffs may have twenty days within which to amend their complaint if they see fit to do so. An order in accordance with this ruling may be presented by counsel for defendant upon proper notice.